UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE PEDRO VERDE-RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | Civil Number 11-1475 |
| ) | |
| v. ) | |
| ) | |
| ROBERT G. FABER, WILLIAM STICKMAN III, ) | |
| ERIC HOLDER, STEVEN FRANK, ) | |
| & RODDIE RUSHING, ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

In this case, Petitioner Jose Pedro Verde-Rodriguez ("petitioner") on November 18, 2011, filed a petition for writ of habeas corpus (ECF No. 1) against various government respondents (collectively referred to as "respondents") and on March 2, 2012 filed an amended petition (ECF No. 8). For the reasons stated below, the court concludes that it does not have subject-matter jurisdiction to hear the matters raised by petitioner and hereby transfers this petition to the Court of Appeals for the Third Circuit for further proceedings.

*BACKGROUND*

According to the amended petition for writ of habeas corpus, petitioner is a native of Mexico and became a lawful permanent resident of the United States in 1991. (Am. Pet. Writ Habeas Corpus ("Am. Writ") (ECF No. 8) ¶¶ 9, 11.) Between 1991 and 1998, petitioner was repeatedly convicted of alcohol-related driving offenses. (Id. ¶ 12.) Petitioner was eventually

convicted in California of driving while intoxicated after four prior DUI convictions, and was sentenced to two years and four months imprisonment in state prison. (Id.) Following this conviction, the Immigration and Naturalization Service ("INS") placed a hold on petitioner, and on October 2, 1998, the INS served petitioner with a Notice to Appear ("NTA") charging him with removability based on his alleged status as an "aggravated felon." (Id. ¶¶ 13, 14.)

At a removal proceeding held in Eloy, Arizona on October 28, 1998, petitioner appeared before an immigration judge ("IJ") along with seven other Mexican nationals. (Id. ¶ 15.) Petitioner, who was not represented by counsel, participated in a perfunctory colloquy regarding his rights. (Id. ¶¶ 19-21.) The IJ ordered petitioner to be removed to Mexico on the premise that petitioner's DUI offenses qualified as "aggravated felonies." (Id. ¶¶ 22, 24.) Following the hearing, petitioner waived his right to appeal the IJ's removal order, choosing instead that he "just want[ed] to go home," by a process which petitioner challenges as materially interfering with his ability to appeal or move to reopen the proceeding, rendering his waiver involuntary. (Id. ¶¶ 24, 26.) Among other allegations, petitioner asserts that the IJ erroneously informed him that his DUI convictions qualified as aggravated felonies. (Id. ¶ 21.)

At some point after his 1998 removal, petitioner returned to the United States. He was arrested in Ohio on or about August 14, 2000, and was served with a "Notice of Intent/Decision to Reinstate Prior Order," by which he was informed that the government intended to reinstate the 1998 order of deportation against him. (Id. ¶ 27.) He was removed to Mexico for a second time on October 30, 2000. (Id. ¶ 28.)

Three years later, in Leocal v. Ashcroft, 543 U.S. 1, 4 (2004), the United States Supreme Court held that a DUI conviction is not an aggravated felony under the Immigration and Nationalization Act and cannot support an order for deportation. The Leocal decision made clear

that the IJ's statement to petitioner in the 1998 proceedings that his DUI convictions were aggravated felonies had been erroneous.

On October 24, 2011, petitioner was again apprehended in the United States—this time he was found in Pittsburgh, Pennsylvania. (Id. ¶ 30.) He was served with another "Notice of Intent/Decision to Reinstate Prior Order." (Id.) Three weeks later, on November 15, 2011, the United States charged petitioner in a single-count indictment at Criminal Number 11-279 with illegal reentry, in violation of 8 U.S.C. § 1326. On November 18, 2011, within thirty days of his apprehension, within thirty days of his being served with the removal order, and three days after his arrest and indictment for illegal reentry, his petition for writ of habeas corpus was filed, commencing this civil case. After petitioner filed a motion to dismiss the indictment, petitioner and the government entered into a plea agreement, whereby the government agreed to dismiss the indictment at Criminal Number 11-279 in exchange for petitioner waiving his right to indictment and pleading guilty to a single-count information at Criminal Number 12-020 charging him with use of a false social security number, in violation of 42 U.S.C. § 408(a)(7)(B). (Id. ¶¶ 31, 32.)

On February 13, 2012, petitioner pled guilty at Criminal Number 12-020 to false use of social security number. (Id. ¶ 32.) On March 5, 2012, he was sentenced to time-served and a one-year term of supervised release. At the time of his sentencing, the court granted a motion by the government to dismiss the indictment filed at Criminal Number 11-279.

Also on March 5, 2012, the court heard argument in this civil case. Specifically, the court addressed respondents' contention in their response (ECF No. 9) that the court lacked subject-matter jurisdiction over petitioner's habeas corpus petition.

*DISCUSSION*

Respondents, among other things, argue that petitioner was barred from bringing this habeas corpus action in the district court by the provisions of the REAL ID Act of 2005 ("RIDA"), Pub. L. 109-13, 119 Stat. 231, which "eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal." Kolkevich v. Attorney Gen., 501 F. 3d 323, 326 (3d Cir. 2007). "Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal." Id. As the Court of Appeals for the Third Circuit explained in Kolkevich,

> the immigration provisions of RIDA sought to end the disparity between the way criminal and non-criminal aliens were treated and, additionally, sought to "limit aliens to one bite of the apple with regard to challenging an order of removal" by eliminating district court involvement in the process and by allowing all aliens, including criminal aliens, to challenge an order of removal via petitions for review filed with the appropriate court of appeals.

Id. (quoting Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005)).

RIDA, by its plain language, strips district courts of jurisdiction to hear habeas corpus petitions challenging final orders of removal. Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005). Several district courts have construed RIDA to prohibit both direct and collateral attacks on removal orders in the district court. See, e.g., Garcia v. Holder, 788 F. Supp. 2d 326, 329 (S.D.N.Y. 2011) ("The Act strips all federal district courts of jurisdiction to hear any claims related to removal orders."); Persad v. Heathman, No. H-09-1013, 2009 WL 959120, at *2 (S.D. Tex. Apr. 6, 2009) ("[the petitioner's] motion to reopen appears to constitute a collateral attack on the existing removal order. . . . Because the REAL ID Act precludes jurisdiction over habeas petitions of the sort filed by Persad, or requests for relief under the All Writs Act, this court has no authority to consider his claims or to stay removal."); Aguiar ex rel. Wargo v. Mukasey, 547 F. Supp. 2d 182, 185 (D. Conn. 2008) (holding that RIDA precludes the court from exercising

4

subject-matter jurisdiction over removal cases "regardless of whether the case is a direct or collateral challenge by a third party."). But see Tapia-Fierro v. Mukasey, 305 F. App'x 361, 362 (9th Cir. 2008) (holding that an alien's petition for habeas review of a removal proceeding was not subject to the jurisdictional restrictions of the REAL ID Act and could be heard by a district court on a petition for writ of habeas corpus, where the alien alleged the IJ inadequately informed him of his right to appeal and the consequences of waiving that right).[1]

Here, because to grant the relief petitioner seeks, he must collaterally attack the 1998 removal order (and implicitly challenge the validity of the 2000 and 2011 removal orders) and because RIDA prohibits this district court from entertaining such arguments, the court concludes that it lacks subject-matter jurisdiction to hear petitioner's habeas petition. Notwithstanding the court's conclusion that it lacks subject-matter jurisdiction, the court will not dismiss the case, but will instead transfer the petition to the Court of Appeals for the Third Circuit, for the following two reasons.

The first reason relates to the 2011 removal order. Petitioner, had he filed a petition for review in the court of appeals on the day he filed the instant civil action, would have been able to obtain judicial review of that 2011 order. The court finds that it is in the interest of justice to transfer this case to the court of appeals so that, if it determines the petition should be considered a petition for review filed within the thirty-day time frame required by RIDA, the court of appeals may reach the merits of petitioner's petition in the form of a review of the 2011 removal

---

[1] The court finds that the rationale of the district courts is more persuasive than the analysis in Tapia-Fierro, which is a nonprecedential opinion.

5

order.[2]  Under 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction to review it, the court in which it was filed

> *shall*, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. (emphasis added).

The court finds that jurisdiction would have been proper in the Court of Appeals for the Third Circuit at the time petitioner's habeas petition was filed. The court further finds that it is in the interest of justice for the court of appeals to hear the substance of petitioner's legal arguments, which this court is barred from hearing, and which would otherwise be time-barred if the case were not transferred. The court notes that petitioner made a good-faith effort to obtain review of his current deportation proceedings within thirty days of being served with the "Notice of Intent/Decision to Reinstate Prior Order," and that he should not be deprived of the opportunity to be heardby a good-faith, but ultimately unsuccessful, attempt to navigate the jurisdictional morass surrounding these issues. See Mokarram v. U.S. Attorney Gen., 316 F. App'x 949, 952 (11th Cir. 2009) (citing ITT Base Servs. v. Hickson, 155 F.3d 1272, 1276) (holding that it was "in the interest of justice" for the district court to transfer a habeas petition to the court of appeals under the jurisdictional regime established by RIDA where the party "filed the petition in the wrong court for very understandable reasons and filing the petition in the appropriate court would now likely be time-barred." (internal quotations omitted)); see also United States v. Banks, 372 F. App'x 237, 239 (3d Cir. 2010) ("In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would

---

[2] The court notes that if petitioner's habeas petition would have been filed with the appropriate court as a petition for review, it would have satisfied the timeliness requirement of RIDA with respect to the October 2011 removal order; it was filed within thirty days after the order of removal.

prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors.").

The second reason relates to the 1998 order. The court harbors serious concerns regarding whether RIDA should be construed as eliminating collateral review of deportation orders which were entered prior to the enactment of RIDA, but which could not have been challenged by petition for a writ of habeas corpus until the detention of a petitioner years later.

To file a petition for habeas relief, the petitioner must be in custody. Kumarasamy v. Attorney Gen., 453 F.3d 169, 172 (3d Cir. 2006) ("For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency. The District Court determined that exclusion from the United States did not constitute 'custody' for the purposes of § 2241, and dismissed the petition for lack of jurisdiction. We agree that the District Court lacked jurisdiction." (internal citations omitted)).

In Kolkevich v. Attorney General of the United States, 501 F.3d 323, 331-35 (3d Cir. 2007), the court of appeals on a matter of first impression determined that a petitioner, who apparently was in custody at the time RIDA was enacted, but who had not filed to seek review of a removal order and did not meet the requirements of 8 U.S.C. § 1252(a)(5) (codifying the section of RIDA intended to limit review of removal orders to petitions for review in the court of appeals). The court of appeals declined to read the provisions of RIDA in a way that would effect a constitutionally impermissible suspension of the writ of habeas corpus. Kolkevich, 501 F.3d at 331-34. The court stated: "The Supreme Court has made clear that we should analyze statutes that could be read as infringing on habeas rights with special scrutiny." Id. at 334.

The court of appeals noted that the United States Constitution requires, at a minimum, "some judicial intervention in deportation cases," but that "the Suspension Clause does not

7

require Congress to guarantee aliens the right to petition for habeas in a district court at all times and under all circumstances." Id. at 332 (quoting Immigration & Naturalization Serv. V. St. Cyr, 533 U.S. 289, 300 (2001)). Because "'substitution of a new collateral remedy which is both adequate and effective' satisfies the requirements of the Suspension Clause," the court of appeals upheld the constitutionality of the regime established by RIDA. Id.

The court of appeals concluded, after reviewing its legislative history, that RIDA "should be read to permit the transfer from a district court to a court of appeals not only of those habeas petitions that were pending in the district court at the time RIDA became law [as was permitted by a transitional provision in RIDA], but also those that could have been brought in a district court prior to RIDA's enactment, but were not." Id. at 336. The court held that petitioner, who had been in custody for more than thirty days on a removal order at the time of RIDA's enactment, would be allowed thirty days after RIDA's enactment to file a petition for review. Id.

Although petitioner in this case falls outside of the class to which the Kolkevich case applies, the court believes the rationale of Kolkevich may be applied to permit the time period for filing a petition for review to be thirty days after the date an alien, who was ordered deported prior to RIDA and was not in custody at the time RIDA was enacted, is first detained after the enactment of RIDA. Under the unique circumstances present in this case, construing RIDA to preclude judicial review of petitioner's 1998 removal order would effectively strip petitioner of any opportunity for meaningful review of that order.[3] The court believes that the reasoning of Kolkevich, if applied to the facts of this case, would permit him to file a petition for review of the 1998 order within thirty days of his first apprehension after the enactment of RIDA.

---

[3] The argument that petitioner was entitled to judicial review in 1998 is inapposite to claims such as that raised by petitioner, because petitioner alleges he was impermissibly deprived of his opportunity to obtain judicial review of that erroneous removal order in the first place, and at that time he would have had an unlimited time to file a petition for a writ of habeas corpus.

8

For these two reasons, and because the court lacks jurisdiction, the court must transfer this case, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Third Circuit for further proceedings.

*ORDER*

AND NOW, this 6th day of March, 2012, upon consideration of petitioner's petition for writ of habeas corpus (ECF No. 8) and respondents' response (ECF No. 9), upon finding that it is in the interest of justice, and for the reasons stated above, IT IS HEREBY ORDERED that this petition be transferred FORTHWITH to the United States Court of Appeals for the Third Circuit. The clerk shall mark this case closed.

By the court,

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge